UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENSIX COMMERCIAL VEHICLE SYSTEMS LLC, et al., | Case No. 1:09-cv-00177 |
| Plaintiffs, | JUDGE ANN ALDRICH |
| v. | |
| ARVINMERITOR, INC., et al., | MEMORANDUM AND ORDER |
| Defendants. | |

On July 28, 2009, this court held a case management conference wherein the plaintiffs requested that defendant WABCO Automotive Control Systems, Inc.'s ("WABCO") identify the alleged trade secrets at issue in its counterclaims with "reasonable particularity" before discovery on the issue may begin. [Dkt. 55, at 6.] In addition, the defendants requested that discovery on the issue of willfulness be deferred "until later in the case" or "until after liability for patent infringement is determined." [Dkt. 62, at 1.] The court requested briefing on both issues from the parties. [Dkt. 55, 61, 62, 66.]

First, the parties agree that trade secrets should be identified with reasonable particularity, and this court concurs. The parties disagree, however, as to whether WABCO's counterclaims satisfy the standard of reasonable particularity. The plaintiffs claim that the counterclaims do not, and filed a motion to dismiss WABCO's third and fourth counterclaims, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), on August 8, 2009. [Dkt. 59]. Because the disagreement lies at the heart of the plaintiffs' motion, this court will defer ruling on the issue until the motion has been fully briefed and is ripe for the court's consideration.

Next, the defendants have requested that discovery on willfulness issues based on attorney-client privileged communications, or work product privileges, be postponed until a later date or deferred until after liability is established. The defendants argue that deferral in this case would promote simplicity,

efficiency, and judicial economy. They have also identified numerous courts whose local rules delay discovery on such issues until after the claim construction ruling is served. *See* N.D. Cal. Local Patent Rule 3-7 (deferring discovery up to 50 days after the claim construction order is served); S.D. Cal. Local Patent Rule 3.8 (deferring discovery up to 30 days after the claim construction order); W.D. Wash. Local Patent Rule 140 (deferring discovery up to 30 days after the claim construction order).

The plaintiffs oppose WABCO's proposal, arguing that deferring discovery until after the scheduled *Markman* hearing currently scheduled for January 14-15, 2010 would deprive them of sufficient time for discovery before trial. This court, however, is unpersuaded, and finds that deferral of discovery on willfulness issues based on attorney-client privileged communications or work product privileges is desirable. Accordingly, this court defers discovery on this issue until thirty days after the claim construction order is served by this court. If the plaintiffs find that this order leaves them with insufficient time for discovery, they may request an extension of the deadlines.

Therefore, not later than thirty days after service by this court of its claim construction ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

(a) Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

(b) Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

(c) Serve a privilege log identifying other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this order shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of this court, which shall be entered only upon a showing of good cause.

IT IS SO ORDERED.

    /s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** August 25, 2009