UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENDIX COMMERCIAL VEHICLE SYSTEMS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ARVIN MERITOR, INC., et al., )<br>)<br>Defendants. )<br>) | Case No.      1:09-CV-0177<br><br>JUDGE DONALD C. NUGENT<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

This matter is before the court on the Motion for Certification Under 28 U.S.C. § 1292(b) Of Defendant WABCO Automotive Control Systems, Inc..("WABCO"), (ECF #101), and on the Joint Submission of Proposed Case Management Schedule, (ECF #107).  Plaintiffs filed an Opposition to WABCO's Motion for Certification, and WABCO filed a Reply in support of its position.  (ECF #103, 104).  The Court has reviewed the parties' submissions and the relevant law, and based upon its findings, WABCO's Motion for Certification is DENIED, and the Joint Submission of Proposed Case Management Schedule is adopted with the clarification set forth below.

Defendant WABCO seeks to have the Court amend its Memorandum Opinion and Order dated September 10, 2010, which denied WABCO's Motion for Summary Judgment, to include a certification of the question of  "whether a mechanical patent may properly contain an optional claim limitation (and if it cannot, whether the recapture rule applies to the full extent of the prosecution history estoppel)" for interlocutory appeal to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1292(b). An interlocutory appeal is appropriate only as a narrow exception to the final judgment rule, and applies

only when a non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). Certification is to be granted sparingly and only in "exceptional cases." *Kraus v. Bd. of County Rd. Comm'rs*, 364 F.2d 919, 921-22 (6th Cir. 1966); *accord Caterpillar Inc. v Lewis*, 519 U.S. 61, 74 (1996).

The question(s) WABCO seeks to certify does not satisfy the requirements for interlocutory appeal under 28 U.S.C. §1292(b). WABCO has cited no basis for its contention that the questions at issue are controlling questions of law as to which there is substantial ground for difference of opinion. The questions WABCO seeks to certify were not the primary grounds for the Court's opinion denying summary judgment. The decision was based on the facts of this particular case and did not attempt to resolve any questions of law that are in dispute amongst the courts in this Federal Circuit. In addition, there is no split among Circuits, there are no inconsistent holdings within the controlling circuit, and the issues are not particularly novel or difficult to decide. In fact, WABCO's entire argument relating to the existence of a "substantial ground for difference of opinion" rests on a comment in a dissenting opinion for the controlling case. A single statement in a dissenting opinion does not rise to the level of a "substantial ground for difference of opinion" for purposes of an interlocutory appeal. WABCO has cited no cases that have prohibited "optional limitations" in mechanical patent claims. Further, an immediate appeal of this issue would not necessarily resolve the question of whether the recapture rule invalidated the reissue patent, and it would undoubtedly lead to piece meal litigation as other claims not subject to the recapture defense would remain for resolution.

The parties have agreed to a proposed case management schedule. They disagree, however, on the deadline for the disclosure of opinions relating to any "advice of counsel" defense that the

Defendants may raise. The Court adopts the proposed case management schedule, with a deadline for disclosure of opinions relating to any "advice of counsel" defense to be filed 30 days after this Court issues its ruling on the Markman hearing. If for any reason there is an unforeseeable delay in the Court's ruling on the Markman hearing, the parties may, at that time, petition the Court for additional time to conduct necessary discovery or alter the disclosure deadlines that would be affected by that ruling.

## CONCLUSION

For the reasons set forth above, Defendant WABCO's Motion for Certification (ECF # 101) is DENIED, and the Joint Submission of Proposed Case Management Schedule (ECF #107) is GRANTED. IT IS SO ORDERED.

  /s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date:   December 28, 2010